UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 1:20mj03604 Becerra

UNITED STATES OF AMERICA

v.

MARIO DARIO QUILUMBA MORENO,
JOSE JAIME DELGADO NUNEZ, and
CARLOS CUSME ENRIQUE PERLAZA,

　　Defendants,
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)? ___Yes _X_No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? ___Yes _X_No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? ___Yes _X_No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: _____
Frederic C. Shadley
Assistant United States Attorney
Court ID No. A5502298
11200 NW 20th Street
Miami, Florida 33172
Tel: (305) 715-7649
Frederic.Shadley@usdoj.gov

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA )
v. )
MARIO DARIO QUILUMBA MORENO, ) Case No. 1:20mj03604 Becerra
JOSE JAIME DELGADO NUNEZ, and )
CARLOS CUSME ENRIQUE PERLAZA, )
)

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Beginning on an unknown date and continuing through on or about **August 31, 2020**, upon the high seas outside the jurisdiction any particular state or district, in international waters, while on board a vessel subject to the jurisdiction of the United States, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 46, United States Code, Section 70506(b) | Conspiracy to possess with intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1); all in violation of 46 U.S.C. § 70506(b).<br><br>Pursuant to 46 U.S.C. § 70506(a), and 21 U.S.C. § 960(b)(1)(B), it is further alleged that this violation involved five (5) or more kilograms of a mixture and substance containing a detectable amount of cocaine. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

*Complainant's signature*

FBI Special Agent Nicholas Rahmer
*Printed name and title*

Attested to in accordance with the requirements
of Federal Rule of Criminal Procedure 4.1 by __Telephone__

Date: Sept. 15, 2020

*Judge's signature*

City and state: Miami, Florida

Hon. Jacqueline Becerra, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Nicholas Rahmer, being duly sworn, hereby depose and state the following:

1. I am currently assigned as a Special Agent with the Federal Bureau of Investigation (FBI) in Miami, Florida and have been employed as such since July 2017. Prior to becoming an FBI Agent, I worked as a Police Officer with the St. Cloud Police Department in Florida for 10 years. I have worked in law enforcement for a total of 13 years. My official FBI duties include investigating criminal violations of federal narcotics laws. I have also been involved in various types of visual and electronic surveillances, and I have been involved in the debriefing of defendants, witnesses, informants, and others who have knowledge of the distribution and transportation of controlled substances, and of the laundering and concealing of proceeds from drug trafficking. I am familiar with the ways in which drug traffickers conduct their business, including but not limited to their methods of importing and distributing narcotics. As a law enforcement officer within the meaning of Section 2510(7) of Title 18, United States Code, I am empowered by law to conduct investigations of and make arrests for, but not limited to, offenses enumerated in Titles 18, 21 and 46 of the United States Code.

2. This Affidavit is submitted for the limited purpose of establishing probable cause in support of a criminal complaint against MARIO DARIO QUILUMBA MORENO, JOSE JAIME DELGADO NUNEZ, and CARLOS CUSME ENRIQUE PERLAZA for knowingly and willfully conspiring to possess with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

3. On or about August 31, 2020, while on routine patrol, a United States Marine Patrol Aircraft (MPA) detected a Go-Fast Vessel (GFV) approximately 340 nautical miles south of the

Mexican/Guatemalan border in international waters. United States Coast Guard Cutter (USCGC) Pinckney (PKN) received authorization to board the GFV based on the fact the GFV was reasonably suspected of being without nationality, displayed no indicia of nationality, and had a large amount of fuel on deck.

4. USCG Pinckney personnel requested authorization to board the GFV and a full enforcement boarding was authorized. USCG boarding team found three individuals on the GFV, who were identified as MARIO DARIO QUILUMBA MORENO, JOSE JAIME DELGADO NUNEZ, and CARLOS CUSME ENRIQUE PERLAZA. A check of the GFV yielded no physical flag flown, no registration documents, no registration number painted on the hull, no homeport painted on the hull, no name on the hull, no other markings painted on the hull, and no claimed master. All three subjects on the boat claimed Ecuadorian nationality, and one person on board claimed the vessel as Ecuadorian. Contact was made with Ecuador who could neither confirm nor deny the nationality for the vessel. Based on the investigation to that point, the USCG was authorized to treat the GFV as a vessel without nationality. The boarding team observed that a part of the deck in the center of the vessel was higher than the rest of the deck. Due to the limited space onboard, the USCG boarding crew disembarked the suspects from the GFV. The USCG boarding crew proceeded to drill a hole into the deck and a white powdery substance was observed on the drill bit. The USCG boarding crew removed a portion of the deck to determine what the white powdery substance was and recovered the contraband.

5. The GFV boarding team recovered 500 packages of individually wrapped contraband on board the GFV. A sample from those items tested positive for cocaine, and the contraband in total weighed approximately 500 kilograms.

6. The U.S. Coast Guard subsequently detained all three individuals who were on board the GFV. All three individuals are Ecuadorian nationals. All three are currently en-route to the Southern District of Florida. They are expected to arrive in the Southern District of Florida on or about September 17, 2020. At that point, they will be transferred to the custody of United States law enforcement.

7. Based on the foregoing facts, I submit that probable cause exists to believe that MARIO DARIO QUILUMBA MORENO, JOSE JAIME DELGADO NUNEZ, and CARLOS CUSME ENRIQUE PERLAZA, while on board a vessel subject to the jurisdiction of the United States, did knowingly and intentionally conspire to possess with intent to distribute cocaine, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

_____
Nicholas Rahmer
Special Agent
Federal Bureau of Investigation


Attested to in accordance with the requirements of
Federal Rule of Criminal Procedure 4.1 by __Telephone__

This __15__ day of September, 2020.

_____
Hon. Jacqueline Becerra
U.S. Magistrate Judge

3